CLD-054                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3321
_____

IN RE:  CLARENCE HOFFERT,
                                                                  Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to Civ. No. 1:13-cv-00162)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 4, 2014
Before:  FUENTES, GREENAWAY, JR. and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 7, 2015)
_____

OPINION[*]
_____

PER CURIAM

Clarence Hoffert, a Pennsylvania inmate, filed a complaint against the

Commonwealth of Pennsylvania in the United States District Court for the Western

District of Pennsylvania.  In January 2013, after the resolution of an issue about service,

the Commonwealth filed a motion to dismiss the complaint.  Hoffert filed a response the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

next month. On July 23, 2014, the Magistrate Judge issued a report and recommendation regarding the Commonwealth's motion to dismiss. After being granted an extension of time to file objections, Hoffert submitted them to the District Court on August 12, 2014. The District Court adopted the report and recommendation, granted the motion to dismiss, and dismissed Hoffert's complaint on August 27, 2014.[1]

On July 17, 2014, shortly before the Magistrate Judge issued the report and recommendation, Hoffert initiated these mandamus proceedings by filing his petition.[2] He charged the District Court with "unwarranted delay" in ruling on his complaint. He essentially requested a District Court ruling (a "reply" or a release of jurisdiction to us so that we could rule on his complaint in the first instance). Hoffert also complained about District Court laxity in notifying him about court proceedings. He took issue with the resolution of the service issue (claiming, inter alia, that the Magistrate Judge showed favoritism by ruling as she did). He also objected to the Magistrate Judge's recommendation relating to the motion to dismiss (as well as her ruling in the absence of a hearing).

First, we must dismiss Hoffert's petition to the extent it is moot. The District Court has granted the motion to dismiss Hoffert's complaint. Accordingly, Hoffert's

---

[1] Hoffert has since filed a notice of appeal.

[2] We initially deferred action on the petition because he did not submit a filing fee or seek leave to proceed in forma pauperis and he had not shown proof of service on the Commonwealth or the District Judge. Those issues have been corrected.

request for a ruling is no longer a live controversy, so that aspect of the mandamus petition is moot. See, e.g., Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1992); see also Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

To the extent that Hoffert requests relief beyond a District Court resolution of his case, we deny his mandamus petition. Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist.Court, 426 U.S. 394, 402 (1976). Within the discretion of the issuing court, mandamus traditionally may be "used . . . only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Id. (citations omitted). Mandamus is not a substitute for appeal. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81 (2004) (citations omitted); Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Accordingly, Hoffert cannot get mandamus relief on what are essentially claims of error that could be raised on appeal.[3]

For these reasons, we will dismiss in part and deny in part the petition for a writ of mandamus.

---

[3] At one point, Hoffert made an allegation of favoritism based on the Magistrate Judge's handling of the service question. We do not read the petition as including a request for the Magistrate Judge's recusal. If Hoffert were arguing that recusal was proper under 28 U.S.C. § 455, we could consider the issue on mandamus. See In re Kensington Int'l Ltd., 353 F.3d 211, 219-20 (3d Cir. 2003); Alexander v. Primerica Holdings, 10 F.3d 155, 163 (3d Cir. 1993). But we would find no basis for recusal. See SecuraComm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (explaining that a litigant's dissatisfaction with rulings is not a basis for recusal); In re United States, 666 F.2d 690, 694 (1st Cir. 1981) (rejecting "tenuous speculation" as a basis for recusal).